OA 91 Criminal Complaint

# United States District Court

NORTHERN  DISTRICT OF  CALIFORNIA



**FILED**
AUG 21 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
MICHAEL YOUNG

**CRIMINAL COMPLAINT**

Case Number: 3 07 70493

JCS

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about August 6, 2007 (Date) in San Francisco County, in the Northern District of California defendant(s) did,

(Track Statutory Language of Offense)

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did possess a firearm in or affecting interstate commerce

in violation of Title 18 United States Code, Section(s) 922(g)

I further state that I am a(n) Inspector with ATF (Official Title) and that this complaint is based on the following facts:

see Affidavit attached hereto and incorporated herein

Maximum Penalties: 10 years imprisonment; $250,000 fine; 3 years supervised release; $100 special assessment.

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

Approved As To Form: Allison Danner
AUSA

Michael Hamilton
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

August 21, 2007
Date

at San Francisco, California
City and State

Joseph C. Spero         United States Magistrate Judge
Name & Title of Judicial Officer        Signature of Judicial Officer

# AFFIDAVIT OF MICHAEL HAMILTON

I, Michael Hamilton, being sworn, hereby state:

## I. Background of Affiant

1. I am employed by the San Francisco Police Department (SFPD). I hold the rank of Inspector. I have been employed by the SFPD for twenty five years. I have been assigned to the Bureau of Alcohol, Tobacco and Firearms (ATF) for approximately eight and one half years.

2. I have investigated hundreds of cases involving the illegal possession of firearms.

3. I am familiar with the facts as set forth herein through written reports, records and/or documents.

## II. This Investigation

4. On August 5, 2007, a guest at the Hilton Hotel in San Francisco reported that some of his belongings, including a laptop computer and cell phone, had been stolen from his room, #13572. Hilton Hotel security staff began investigating the theft. Hotel security learned that another guest, Michael Young, had been given a key to room #13572 in error. Hilton security began to suspect that Young had stolen the items from room #13572. Young was actually registered to room #13575.

5. Hilton security staff attempted to interview Young, but he had left the hotel. Hilton security then entered Young's room, #13575, and found two backpacks, one of which contained a loaded gun. Hilton security staff returned the backpacks to where they had found them and placed Young's room on electronic lockdown, disabling Young's room key. When Young did return to the hotel at approximately 12:30am on August 6, 2007, Young discovered that his room key did not work. Young went to the front desk to determine why he could not enter his room. Hilton security then contacted San Francisco Police (SFPD) Officer Michael Koniaris, who was working near the Hilton. Hilton security asked Koniaris to detain Young. Young told Officer Koniaris he had been to prison.

6. Hilton Hotel security officers Dirk Carr and Roger Hicks then informed SFPD Officer Koniaris about the theft from room 13572 and about the gun found in room 13575. They asked Koniaris to accompany them to room 13575, the room registered to Young.

7. Officer Koniaris advised Hicks and Carr he could not enter and search Young's room. Officer Koniaris waited outside as the two security officers entered Young's room.

8. Hilton Hotel security officer Hicks removed a blue backpack from the closet. Hicks placed the backpack on the bed and unzipped the outer pocket. That pocket contained the handgun that Hilton staff had previously discovered.

9. Officer Koniaris then entered Young's room and saw the gun in the unzipped pocket of the backpack. Officer Koniaris seized the backpack and handgun. He then arrested Young.

10. SFPD Inspector Denise Fabbri later interviewed Young. After being advised of his <u>Miranda</u> rights Young, in part, stated he obtained the handgun three hours prior to checking into the Hilton. Young also admitted to the theft from room #13572.

11. Michael Young's criminal history indicates that he has the following prior felony convictions, Cal. Health and Safety §11378 (Possession of Narcotics with Intent to Distribute), Cal. Health and Safety §11379 (Sale of Narcotics), and Cal. Penal Code 484G (Theft by Access Card).

12. The handgun recovered from Young's room, an H&R Model 930 .22 caliber revolver, bears markings indicating the state of manufacture to be Massachusetts.

### III. Conclusion

Based on the above, I have determined that there is probable cause to believe that on August 6, 2007, Michael Young did knowingly and intentionally possess a firearm in violation of United States Code Title 18, Section 922(g) (1).

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Inspector Michael Hamilton
San Francisco Police

Subscribed and sworn to before me on:

August 21, 2007

Joseph C. Spero
U.S. Magistrate Judge

3

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☑ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location: NORTHERN DISTRICT OF CALIFORNIA

**OFFENSE CHARGED**

18 USC 922(g). Felon in Possession of a Firearm in Interstate Commerce

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**DEFENDANT - U.S.**

▶ MICHAEL YOUNG

DISTRICT COURT NUMBER

**PENALTY:**

10 years imprisonment; $250,000.00 fine; 3 years supervised release; $100.00 special assessment; deportation

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
ATF

☑ person is awaiting trial in another Federal or State Court, give name of court
San Francisco County

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM      **SCOTT N. SCHOOLS**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   Allison Marston Danner /s/ Allison

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☑ Awaiting trial on other charges   } ☐ Fed'l ☑ State

If answer to (6) is "Yes", show name of institution
San Francisco County

Has detainer been filed?  ☐ Yes ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT   Bail Amount: no bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments: